1WUODARD, J.,
dissenting.
Respectfully, I dissent from the majority’s opinion because I do not believe that we should sanction misrepresentations to our courts.
Throughout, the Defendants have minimized their egregious behavior by characterizing the issue to be about the “unimportant” content of the documents as opposed to their act of making a knowing misrepresentation to the court. In other words, their counsel argues that the discrepancies between the two documents were minimal and the outcome would not have been altered had the original been produced. Thus, “no harm no foul.” The majority’s holding will support this “the ends justify the means” view. However, dishonesty with the court is foul. Litigants and attorneys should not be allowed the privilege of rationalizing when they are justified in fabricating little “white lies” versus “big” ones.
The trial court found that:
| aFarm Bureau presented documents to the Court which it contended were certified copies of the original declarations page, when in fact they were not. Even though third party plaintiff should have been aware that the certified copies of the declarations page were not true and correct, and even though the differences in the two declarations pages are minor, the Court is of the opinion that there is a strong public policy against certifying documents as true and correct when in fact they are not.
(Emphasis added.)
I agree with the trial court that this should not be acceptable, condoned, or rewarded. The Defendants could and should have been honest with the court concerning the problem with producing the original, but instead, apparently, they hoped no one would notice.
Moreover, I am not so certain that the outcome would not be different. For example, I am persuaded by Mr. Melder’s counsel that Defendants’ willingness to make this misrepresentation puts their entire case and credibility into question, regarding other documents they were to produce as well as their testimonies, which could affect the outcome of a substantive issue.
Most importantly, I believe that if we do not take the act of misrepresentation to the court, seriously, however inconsequential the misrepresentation or outcome may be, we invite more of the same with no clear-cut boundaries, resulting in a loss of confidence in the legal system. This is no minor consequence. Surely, this constitutes “good grounds” under La.Code Civ.P. art.1973 for the trial court to exercise its vast discretion for granting a new trial.